*In re* APPORTIONMENT OF ALLEGAN COUNTY BOARD
OF SUPERVISORS—1968.

PETITION OF GRAY.

1. COUNTIES — REPRESENTATION — APPORTIONMENT — EQUAL POPULA-
TION.

The basic criterion for determining the validity of apportion-
ment of representation in local governmental bodies is sub-
stantially equal population.

2. SAME—BOARD OF SUPERVISORS—APPORTIONMENT.

The statute providing for apportionment of districts represented
on the county board of supervisors makes single-member dis-
tricts of nearly equal population its basic requirement, and
the mandatory guidelines found in the statute cannot justify
districts of substantially unequal population (PA 1966, No 261
[MCLA, §§ 46.401–46.415]).

3. SAME—APPORTIONMENT—CONSTITUTIONAL REQUIREMENTS.

Apportionment is essentially a local legislative obligation not
to be interfered with by the courts unless a review of the
entire plan establishes it to be violative of constitutional or
statutory requirements.

4. SAME—BOARD OF SUPERVISORS—APPORTIONMENT—VALIDITY—VARI-
ANCES.

Plan for apportionment of Allegan County Board of Supervisors
which provided for 21 districts with a population variance
ratio of 1:1.828 *held* invalid, where a review of the plan is
convincing that the variances among the districts are not
based on legitimate considerations incident to the effectuation
of a rational policy.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5] 25 Am Jur 2d, Elections § 31.
[3] 25 Am Jur 2d, Elections § 32.

5. SAME — BOARD OF SUPERVISORS — APPORTIONMENT — WEIGHTED
   VOTING.

    Each supervisor elected under apportionment plan, declared to
    be invalid because of unjustified variances in population ratio
    between districts, shall be entitled to vote as supervisor in
    proportion the population represented by him bears to the
    average population of all the districts.

Original statutory action in Court of Appeals to
review apportionment plan. Submitted Division 3
July 1, 1968, at Lansing. (Docket No. 5,755.) De-
cided October 23, 1968.

Petition by David M. Gray for statutory review
of apportionment plan for the Allegan County Board
of Supervisors. Elections ordered to proceed under
plan July 5, 1968. Plan declared invalid, with in-
structions as to voting of board elected under it,
October 23, 1968.

*Edward Read Barton*, for plaintiff.

*George A. Greig*, Allegan County Prosecuting At-
torney, for defendant.

QUINN, J. Pursuant to PA 1966, No 261, MCLA,
§§ 46.401–46.415 (Stat Ann 1968 Cum Supp §§
5.359[1]–5.359[15]) and on April 6, 1967, the Allegan
county board of supervisors adopted Plan A of its
apportionment committee for the reapportionment
of the board. May 13, 1968, said board of super-
visors authorized the county clerk to file Plan A.
Thereafter, plaintiff filed a petition and an amended
petition to review Plan A and a brief in support
thereof. Plaintiff also moved to add the county of
Allegan as a party defendant in response to de-
fendant's motion to dismiss. Defendant filed answer

and a brief in support thereof. The cause was argued and submitted July 1, 1968.

Plaintiff's motion to add the county of Allegan as a party defendant is granted and defendant's motion to dismiss is denied.

Plan A provides for 21 districts, the largest of which has a population of 3,552 and the smallest 2,019, according to the 1960 census. The same census places the total county population at 57,729, and the average population of the 21 districts is 2,749. The maximum population variance ratio is 1:1.76, and under Plan A, 44.9% of the population can elect a majority of the board of supervisors. The largest district is 34.3% above the average and the smallest 26.6% below the average. Thus a vote for supervisor in the largest district has a value of 74% as compared with the same vote in the average district, and by the same comparison, a similar vote in the smallest district has a value of 136%.

In *Avery* v. *Midland County* (1968), 390 US 474 (88 S Ct 1114, 20 L Ed 2d 45) the United States Supreme Court adopted as applicable to the apportionment of local units of State government, the principles announced in *Reynolds* v. *Sims* (1964), 377 US 533 (84 S Ct 1362, 12 L Ed 2d 506), for the apportionment of State legislatures, and again indicated that the basic criterion in determining the validity of apportionment is "substantially equal population". *Reynolds, supra,* recognized the impossibility of exactness in apportionment but stated,

"So long as the divergences from a strict population standard are based on legitimate considerations incident to the effectuation of a rational state policy, some deviations from the equal-population principle are constitutionally permissible with respect to the apportionment of seats in either or both of the 2 houses of a bicameral state legislature."

It appears to us that the legislature anticipated *Avery, supra,* and applied the principles of *Reynolds, supra,* to county apportionment in Michigan when it enacted PA 1966, No 261, MCLA, §§ 46-.401–46.415 (Stat Ann 1968 Cum Supp §§ 5.359[1]–5.359[15]). Section 4(a) thereof makes the basic requirement of county apportionment "single-member districts and as nearly of equal population as is practicable". The remaining mandatory guidelines specified in section 4(b) through (h) are subsidiary to (a), and while they are to be followed in formulating an apportionment plan and while they may assist in determining the practicality of population variance between districts, they will not justify districts of substantially unequal population.

The great diversity of problems among the States in relation to apportionment deterred the United States Supreme Court in *Reynolds, supra,* from laying down spcific guidelines. The same diversity of problems among the local governmental units of Michigan prevents this Court from being more specific. Apportionment is essentially a local legislative obligation not to be interfered with by the courts unless a review of the entire plan establishes it to be violative of constitutional or statutory requirements, and such a review must necessarily be on a case-by-case basis.

A review of Plan A is convincing that the unacceptable variances among the districts are not based on legitimate considerations incident to the effectuation of a rational policy, and Plan A is declared to be invalid, the provisions of PA 1968, No 153 (MCLA § 46.401 [Stat Ann 1969 Cum Supp § 5.359(1)]) notwithstanding.[1] However, this Court and counsel for all parties are interested in insuring orderly elec-

---

[1] PA 1968, No 153, provides in part: "in no event will litigation affect, alter, change, amend or delay any apportionment plan adopted under this act insofar as 1968 supervisor elections are concerned."

tions.  The imminence of the 1968 primary election
caused all parties to request this Court not to inter-
fere with the holding of that primary election under
Plan A.  We honored that request by our order of
July 5, 1968, but such action does not absolve us from
our obligation to follow constitutional and statutory
mandates and to apply them to any election held
under Plan A.  Our finding that Plan A is invalid
requires that the Allegan county board of super-
visors be reapportioned by the county apportion-
ment commission in accordance with mandatory
guidelines specified in P.A. 1966, No 261, § 4.  In the
meantime, we adopt as the most feasible method
of fulfilling our obligation the weighted voting plan
used in *Thigpen* v. *Meyers* (1964), 231 F Supp 938.
Each supervisor elected in 1968 under Plan A shall
be entitled to vote as supervisor in the proportion
the population represented by him bears to the aver-
age population of the 21 districts.  The supervisors
from the respective districts shall have the following
votes:

District  1—1.14        District 12— .90
District  2—1.          District 13— .90
District  3— .75        District 14— .86
District  4— .75        District 15—1.
District  5— .94        District 16—1.14
District  6—1.1         District 17— .96
District  7— .75        District 18—1.3
District  8—1.2         District 19— .96
District  9— .85        District 20—1.3
District 10—1.1         District 21—1.2
District 11— .90

In the event the official published figures of the
1970 United States official census are not available
in time for the county apportionment commission
to formulate and adopt an apportionment plan for
the 1970 primary election, that election and the

1970 general election may be held under Plan A with supervisors elected thereat being subject to the weighted voting specified herein.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.