**In re APPORTIONMENT OF OTTAWA COUNTY BOARD OF SUPERVISORS—1968.**

PETITION OF WICKES.

1. COUNTIES—BOARD OF SUPERVISORS—APPORTIONMENT—VALIDITY—VARIANCES—WEIGHTED VOTING.

   County supervisors elected under plan declared invalid because of large variance in population of districts are entitled to vote as supervisors in proportion the population represented by them bears to the average population of all the districts of the county.

2. SAME — BOARD OF SUPERVISORS — APPORTIONMENT — OFFICIAL CENSUS.

   In event the official figures of the 1970 United States official census are not available in time for the county apportionment commission to formulate and adopt an apportionment plan for the 1970 general election that election may be held under an apportionment plan filed May 8, 1968, with supervisors elected being subject to weighted voting.

Original statutory action in Court of Appeals to review apportionment plan. Submitted Division 3 July 5, 1968, at Lansing. (Docket Nos. 5,751, 5,752.) Decided October 23, 1968.

Petition by Bernhart A. Wickes for statutory review of apportionment plan for the Ottawa County Board of Supervisors. Plan declared invalid, with instructions as to voting of board elected under it,

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur 2d, Elections § 31.

and instructions as to future elections, October 23, 1968.

*Scholten & Fant,* for plaintiff.

*James W. Bussard,* Ottawa County Prosecuting Attorney, for defendants.

PER CURIAM. Pursuant to the stipulation of the petitioners and the Ottawa county apportionment commission, the apportionment plan for the Ottawa county board of supervisors as filed May 8, 1968, is amended as follows: city of Ferrysburg and Spring Lake township, precincts 1, 2, and 4 shall comprise supervisor district No 3 and Spring Lake township precincts 3 and 5 and the west half of Crockery township shall comprise supervisor district No 4.

A review of the Ottawa county apportionment plan discloses that it provides for 21 districts, the largest of which has a population of 5,751 and the smallest 3,860, according to the 1960 census. The same census places the total population of the county at 98,686. Thus, the maximum population variance ratio is 1:1.49 and 47.3% of the population can elect a majority of the board of supervisors. The largest district is 22.4% above the average district and the smallest district is 17.9% below such average. A vote for supervisor in the largest district has a value of 80% as compared with the same vote in the average district; by the same comparison, a similar vote in the smallest district has a value of 120%.

Under *In re Apportionment of Allegan County Board of Supervisors—1968* (1968), *ante,* 13 Mich App 692, the Ottawa county apportionment plan is invalid and it is so declared. For the reasons expressed in *In re Allegan, supra,* we adopt as the

most feasible method for enforcing statutory standards of apportionment for the 1968 election of supervisors, which will be held under the plan we have here declared invalid, the weighted voting plan announced in *In re Allegan, supra.* The record before us does not contain information from which we can determine the population of supervisor districts 3 and 4 as amended in the first paragraph of this opinion, so computation of the weighted votes is not possible, but each supervisor elected in 1968 shall be entitled to vote as supervisor in the proportion the population represented by him bears to the average population of the 21 districts.

The Ottawa county apportionment commission is directed to reapportion the county board of supervisors pursuant to PA 1966, No 261, § 4, as interpreted by *In re Allegan, supra.* In the event the official published figures of the 1970 United States official census are not available in time for the county apportionment commission to formulate and adopt an apportionment plan for the 1970 primary election, that election and the 1970 general election may be held under the apportionment plan filed May 8, 1968, with supervisors elected thereat being subject to the weighted voting specified herein.

No costs are allowed.

T. G. KAVANAGH, P. J., and McGREGOR and QUINN, JJ., concurred.