In re APPORTIONMENT OF MUSKEGON COUNTY BOARD
OF SUPERVISORS—1968.

PETITION OF PETERSON.

1. COUNTIES—BOARD OF SUPERVISORS—APPORTIONMENT—STATUTE.
   Apportionment plan of Muskegon County providing for 15 districts, of which only 4 have their population determined by the latest official published figures of the United States official census, with the population of most of the remaining districts arrived at by estimation from a formula, *held*, invalid for noncompliance with statutory requirement that latest official published figures of the United States official census or of a special census be used (PA 1966, No 261, § 4; MCLA, § 46.404).

2. SAME — BOARD OF SUPERVISORS — APPORTIONMENT — ALTERNATE PLAN.
   Request that Court of Appeals order 1968 election of supervisors in Muskegon County be held under one of three plans submitted by petitioner voter and for other relief by 1970 election cannot be considered; the Court may determine that a plan does not comply with law but has no authority beyond the review of a plan followed by a determination that it meets or fails to meet the requirements of the law.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 25 Am Jur 2d, Elections § 31.

3. SAME—BOARD OF SUPERVISORS—APPORTIONMENT—ELECTION.

> The election of supervisors in Muskegon County in 1968 must be carried out under apportionment plan held to be invalid after a primary election which followed the plan (PA 1968, No 153).

Original statutory action in Court of Appeals to review apportionment plan. Submitted Division 2 July 1, 1968, at Lansing. (Docket No. 5,712.) Decided October 23, 1968. Rehearing denied November 29, 1968. Leave to appeal denied February 19, 1969.

Petition by William A. Peterson for statutory review of apportionment plan for the Muskegon County Board of Supervisors. Plan declared invalid October 23, 1968, but 1968 election ordered to proceed under it.

*Hathaway, Latimer, Clink & Robb,* for plaintiff.

*Paul M. Ladas,* Muskegon County Prosecuting Attorney, for defendants.

QUINN, J. On petition of a registered elector,[1] this Court reviews the apportionment plan of Muskegon county board of supervisors adopted by the apportionment commission of that county and duly filed. The matter was argued and submitted July 1, 1968, and although this Court, by its order of July 5, 1968, authorized the filing of further briefs and the time for such filing has not expired, we proceed to decision for reasons later apparent.

The plan reviewed provides for 15 districts, of which only districts 3, 4, 14 and 15 have their population determined by the latest official published figures of the United States official census (peti-

[1] PA 1966, No 261, § 6, MCLA, § 46.406 [Stat Ann 1968 Cum Supp § 5.359(6)].

tioner's exhibit D). The population of the remaining 11 districts, except one part of district 8 and two parts of district 13, is arrived at by estimate using the following formula:

"A precinct is determined to have that proportion of the population of the municipality it is within that it has proportion of the total voter registration within the said municipality."

PA 1966, No 261, § 4, provides in part as follows:

"(a) All districts shall be single-member districts and as nearly of equal population as is practicable. The latest official published figures of the United States official census shall be used in this determination, except that in cases requiring division of official census units to meet the population standard, an actual population count may be used to make such division. Other governmental census figures of total population may be used if taken subsequent to the last decennial United States census and the United States census figures are not adequate for the purposes of this act. The secretary of state shall furnish the latest official published figures to the county apportionment commissions forthwith upon this act taking effect, and within 15 days after publication of subsequent United States official census figures.

"A contract may be entered into with the United States census bureau to make any special census if the latest United States decennial census figures are not adequate."

The apportionment plan of Muskegon county board of supervisors is invalid for noncompliance with statutory requirements.

By request for relief and supplementary brief in support thereof filed August 16, 1968, pursuant to the order of July 5, 1968, petitioner requests this Court to order that the 1968 election of supervisors in Muskegon county be held under one of three plans

submitted by him, and for other relief with respect to the election of 1970. Irrespective of our prior order of July 5, 1968, this proceeding is filed under the provisions of PA 1966, No 261, and the authority of this Court to act must be found in that statute. In this regard, the statute reads (§ 6):

"Any registered voter of the county within 30 days after the filing of the plan for his county may petition the Court of Appeals to review such plan to determine if the plan meets the requirements of the laws of this state. Any findings of the Court of Appeals may be appealed to the Supreme Court of the state as provided by law."

Inherently, the Court may determine that the plan does not comply with the law, as we have done here, but the statute is silent on what is to be done thereafter. From this silence and the fact that § 7 of PA 1966, No 261, provides for submission of other plans to the apportionment commission, we conclude that our authority ends with a review of a plan followed by a determination that it meets or fails to meet the requirements of law, except with respect to a plan formulated pursuant to the requirements of § 4(a), *supra*. In the latter event, it may be possible to effect compliance with the law by court order, *e.g. In re Apportionment of Allegan County Board of Supervisors—1968* (1968), *ante,* 13 Mich App 692.

Judgment may enter declaring the apportionment plan of Muskegon county board of supervisors to be invalid, but without costs. In view of PA 1968, No 153, and the fact that the 1968 primary election has been held under the plan here held invalid, the election of supervisors in Muskegon county in 1968 shall be under such plan.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.