APPORTIONMENT OF CASS COUNTY BOARD
OF COMMISSIONERS—1972

COUNTIES—COMMISSIONERS—APPORTIONMENT—SPLITTING TOWNSHIP.
    An apportionment plan for county commissioners which resulted
    in a deviation of 19 people or .48% between the largest
    district and the ideal district and a deviation of 26 people
    or .66% between the smallest and ideal districts was con-
    stitutionally valid, even though the apportionment necessitated
    the splitting of enumeration districts, where the county board
    made a good-faith effort to achieve mathematical equality,
    as shown by its use of actual population counts in ten of the
    newly-formed eleven districts and by its consultation with
    officials in the townships that had to be split.

Original statutory action in the Court of Appeals
to review apportionment plan. Submitted Division
3 April 18, 1972, at Lansing. (Docket Nos. 13856,
13969.) Decided April 19, 1972.

Petition by Herman A. Saitz, Chairman of the Cass
County Apportionment Commission, for review of
the county apportionment plan. Petition by Glen
Grady, Frank Nevins, Kenneth Ropp, Charles W.
Sarabyn, and Johnie Rodebush, registered voters,
for review of the county apportionment plan. Plan
approved.

*Lock, Parish & Ford,* for the voters—petitioners.

REFERENCE FOR POINTS IN HEADNOTE
25 Am Jur 2d, Elections § 16 *et seq.*

*Herman A. Saitz,* Cass County Prosecuting Attorney, for the apportionment commission.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. The review of the apportionment plan for the Cass County Board of Commissioners is before us upon the petition filed by the Chairman of the Cass County Apportionment Commission pursuant to our order upon review of the prior plan in 1970; several registered voters of Cass County have also filed a petition for review[1] pursuant to MCLA 46.406; MSA 5.359(6). We find that the plan adopted,[2] and the process employed, satisfies statu-

---

[1] The petition for review filed by the registered voter maintains that no plan was actually adopted by the Cass County Apportionment Commission since no formal vote at a meeting open to the public was held on said plan as required by MCLA 46.403; MSA 5.359(3).

Our review of the minutes of the meetings of the apportionment commission disclosed, however, the following entry for the public meeting held February 14, 1972:

"All plans were voted to be eliminated except plan AR [the plan under review herein]. Chairman Saitz declared plan AR 11 District to be the adopted plan of the Cass County Apportionment Commission."

We note, in addition, that at the subsequent meetings where district lines were formalized, and where all commission members were present, no objections to Chairman Saitz' declaration of adoption were raised. Upon this record, we believe the commission to have sufficiently complied with the requirements of MCLA 46.403; MSA 5.359(3).

[2] Cass
11 Districts
(Approved by the Cass County Apportionment Commission on March 3, 1972)

| | | | | |
|---|---|---|---|---|
| | | | Maximum Population | 1:1.0115 |
| 10 | 3956 | | Variance Ratio | |
| 9 | 3955 | | | |
| 5 | 3950 | | Minimum Population | 23,565 or |
| 11 | 3943 | | Electing a Majority | 54.41% |
| 3 | 3943 | 19,747 or 45.59% | | |
| 1 | 3939 | | Average Population | 3937 |
| 8 | 3939 | | of District | Total=43,312 |

tory guidelines[3] and Federal constitutional requirements.[4]

The record demonstrates that the Cass County Apportionment Commission, when they first met, determined that the census data supplied by the United States Bureau of the Census was insufficient to divide the county into eleven commissioner districts of equal population. For the commission to reach population equality with the number of commissioner districts proposed, they determined that it would be necessary to further divide the official census units and thereupon chose to make an actual population count of certain enumeration districts, as authorized by MCLA 46.404(a); MSA 5.359(4) (a).[5] As a consequence of this actual population count, the commission was able to make a good-faith effort[6] to achieve mathematical equality. The resulting plan demonstrates the commission's good faith in that the eleven commissioner districts range from 3911 to

| 6 | 3935 | | | |
|---|------|---|---|---|
| 7 | 3921 | | | |
| 2 | 3920 | | Deviation of Largest | 19 or 0.48% |
| 4 | 3911 | 23,565 | District from Average | Total=3956 |
| | | or | | |
| | | 54.41% | | |
| | | | Deviation of Smallest | 26 or 0.66% |
| | | | District from Average | Total=3911 |

[3] MCLA 46.404; MSA 5.359(4).

[4] See *Apportionment of Muskegon County Board of Commissioners—1970*, 23 Mich App 156 (1970).

[5] Paragraph (a) of MCLA 46.404; MSA 5.359(4) provides that the apportionment commission shall use the "latest official published figures of the United States official census". The paragraph further provides, however, that where division of official census units is necessary to meet population equality, "an actual population count may be used to make such division". Consequently, an actual population count is the only alternative available to the apportionment commission if it determines that the official United States census figures are insufficient for the work required.

[6] A "good-faith effort to achieve precise mathematical equality" is the standard adopted by the United States Supreme Court in *Kirkpatrick* v *Preisler*, 394 US 526, 530–531; 89 S Ct 1225, 1229; 22 L Ed 2d 519, 525 (1969), and adopted by this Court in the Muskegon County Apportionment decision, *supra*, fn 4.

3956, a deviation of only 45 people. The ideal district in an eleven-commissioner plan for Cass County would be 3937. The deviation of the largest district from the ideal is only 19 or 0.48%, while the deviation of the smallest district from the ideal is 26, or 0.66%. The maximum population variance ratio is 1:1.0115.

Our review emphasizes the conclusion that division of Cass County into districts almost equal in population was achieved only because of the actual population count in certain districts. Only one of the eleven commissioner districts[7] was constructed solely upon the figures supplied by the United States Bureau of the Census; all other districts required actual population counts along the borders thereof to achieve population equality. Despite the county-wide effort, the actual population count does not appear to have been a burdensome effort, since only 8 of the county's 67 enumeration districts had to be split in this manner.[8]

---

[7] Newberg Township, North Porter Township, and South Porter Township, less densely populated areas of Cass County, were combined into one commissioner district solely upon census information supplied by the United States Bureau of Census. The total population of the district thus created is 3939, only 2 more than the ideal district.

[8] Commissioner District 1 required an actual population count in Enumeration District 7 so as to place people living north of Dewey Lake Street and east of Atwood Road in Wayne Township in Commissioner District 3. Enumeration District 11 in Dowagiac City was split so as to bring Commissioner District 2 closer to the ideal district. Enumeration District 29 in Penn Township lost some of its population to Commissioner District 7 so as to make both it and Commissioner District 4 of more equal population. The western boundary of LaGrange Township was moved westward into Pokagon Township, splitting Enumeration Districts 20 and 21 and giving Commissioner District 6 a population just two under the ideal district. Enumeration District 40 in Howard Township was split so as to equalize population between Commissioner District 5 and Commissioner District 9. Enumeration District 53 in Milton Township was divided between Commissioner District 9 and 10. A small portion of Enumeration District 64 in Ontwa Township was attached to Commissioner District 10, while the remainder was included in Commissioner District 11.

Although the division of the enumeration districts required the splitting of townships in many instances,[9] the commission deferred to the Legislature's mandate that population equality be their foremost consideration. The commission recognized the problems inherent in the splitting of townships and attempted to ameliorate the difficulties by meeting with election officials of the affected townships prior to finalizing district lines.

We find nothing warranting this Court's interference with the plan filed with the county clerk and the Secretary of State by the Cass County Apportionment Commission.

---

[9] Wayne Township, Pokagon Township, Howard Township, Milton Township, Ontwa Township and Penn Township were all divided so that portions of the township were contained in two commissioner districts. These represent 37.5% of the townships in Cass County.