APPORTIONMENT OF LAPEER COUNTY BOARD
OF COMMISSIONERS—1972

COUNTIES — APPORTIONMENT — COMMISSIONERS — DISTRICTS — CON-
STITUTIONAL LAW.

 A county apportionment commission is required to use the latest
 official published figures of the United States official census
 in drawing commissioner districts; in cases requiring division
 of official census units to meet the population standard, an
 actual population count may be used; the use of registered
 voters on a proportional basis is invalid.

Original statutory action in the Court of Appeals
to review apportionment plan. Submitted Division
2 April 18, 1972, at Grand Rapids. (Docket No.
13848.) Decided April 19, 1972.

Petition by Roy L. Spencer for review of county
apportionment plan filed by the Lapeer County Ap-
portionment Commission and for new plan conform-
ing with statutory and constitutional requirements.
Reversed and remanded to Lapeer County Appor-
tionment Commission to reapportion the county
board of commissioners.

Roy L. Spencer, *in propria persona.*

*Martin E. Clements,* Lapeer County Prosecuting
Attorney, for apportionment commission.

Before: T. M. BURNS, P. J., and R. B. BURNS, and
FITZGERALD, JJ.

REFERENCE FOR POINTS IN HEADNOTE
25 Am Jur 2d, Elections § 22 *et seq.*

PER CURIAM. On petition of registered elector Roy L. Spencer,[1] we have reviewed the apportionment plan of the Lapeer County Board of Commissioners adopted by the Lapeer County Apportionment Commission and duly filed with the county clerk. Our review discloses that of the seven commissioner districts provided in the plan, only four have their population wholly determined by the latest official published figures of the United States official census. The county apportionment commission has split Mayfield Township's enumeration district 17 and Lapeer Township's enumeration districts 35 and 36 among the remaining three in a manner not permitted by applicable statutes.

In the answer to this petition, the county apportionment commission has described the procedure it employed as follows:

"The total number of registered voters as certified by the Township Clerks of Mayfield and Lapeer Townships, as reported under date of April 10, 1970 showed 491 voters in Mayfield precinct two and 741 voters in precinct one, 522 voters in Lapeer Township precinct one, and 493 voters in precinct 2.

"Total Federal census population for the aforesaid townships were 3,645 for Mayfield Township and 2,574 for Lapeer Township.

"*Mayfield Township*

        741 + 491 registered voters = 1232
        3645 ÷ 1232 = pro rata factor 2.958
        741 x 2.958 = 2193
        491 x 2.958 = 1452
        2193 + 1452 = 3645, total Federal census for township

---

[1] MCLA 46.406; MSA 5.359(6).

"*Lapeer
Township*

> $522 + 493$ registered voters $= 1015$
> $2574 \div 1015 =$ pro rata factor 2.535
> $522 \times 2.535 = 1324$
> $493 \times 2.535 = 1250$
> $1324 + 1250 = 2574$, total Federal census
> for township"

In this manner, precinct two of Lapeer Township and precinct one of Mayfield Township were assigned to commissioner district #3; precinct one of Lapeer Township was assigned to commissioner district #5; and precinct two of Mayfield Township was assigned to commissioner district #6.

In MCLA 46.404(a); MSA 5.359(4)(a) the Legislature required the county apportionment commission to use the "latest official published figures of the United States official census" in drawing commissioner districts. The Legislature has further provided in said section that "in cases requiring division of official census units to meet the population standard", the county apportionment commission may make an actual population count;[2] it has not authorized the use of registered voters on a proportional basis. The formula used by the Lapeer Apportionment Commission is identical to that used by the Muskegon Apportionment Commission in 1968 and expressly held statutorily invalid by this Court in *Apportionment of Muskegon County Board of Supervisors—1968,* 13 Mich App 697, 699 (1968). The purpose of the legislative mandate is to provide an accurate and objective standard with which to evaluate the distribution of *actual population* among commissioner districts. No citizen or court can evaluate

---

[2] See *Apportionment of Cass County Board of Commissioners—1972,* 39 Mich App 671 (1972), for an example of the proper use of the alternative provided in MCLA 46.404(a); MSA 5.359(4)(a).

the instant plan for constitutionality when the population figures are based on guesswork. Consequently, the apportionment plan of the Lapeer County Board of Commissioners is invalid for noncompliance with statutory requirements.

The Lapeer County Apportionment Commission previously rejected the plan submitted by the petitioner Spencer, although based solely on Federal census data, because it split 6 of the 18 townships and one of the two cities in Lapeer County. This reason is not sufficient to justify any deviation from population equality.[3]

Having found the plan adopted to be invalid, we remand to the Lapeer County Apportionment Commission for purposes of drawing a statutorily and constitutionally valid plan based on 1970 official

---

[3] In *Apportionment of Muskegon County Board of Commissioners—1970*, 23 Mich App 156, 160, 161 (1970), Judge McGREGOR spoke specifically to this question and stated:

"Laudable as may be the efforts to avoid gerrymandering and the fragmenting of political subdivisions, these too have been rejected by the Supreme Court if they are used to avoid equal population.

"Justice Brennan speaking for the Court in *Kirkpatrick* v *Preisler*, [394 US 526, 533, 534; 89 S Ct 1225, 1230; 22 L Ed 2d 519, 526, 527 (1969)] states:

" 'Similarly, we do not find legally acceptable the argument that variances are justified if they necessarily result from a state's attempt to avoid fragmenting political subdivisions by drawing congressional district lines along existing county, municipal or other political subdivision boundaries. The state's interest in constructing congressional districts in this manner, it is suggested, is to minimize the opportunities for partisan gerrymandering. But an argument that deviations from equality are justified in order to inhibit legislators from engaging in partisan gerrymandering is no more than a variant of the argument, already rejected, that considerations of practical politics can justify population disparities.'

"He further states on [394 US 536; 89 S Ct 1231; 22 L Ed 2d 528]:

" 'A state's preference for pleasingly shaped districts can hardly justify population variances.'

"We adopt the principles laid down in *Kirkpatrick* v *Preisler* and determine that the Muskegon County Apportionment Commission has not justified the variances contained in the instant plan."

See also *Apportionment of Ionia County Board of Commissioners—1972*, 39 Mich App 676 (1972).

census data. The apportionment commission shall have ten days from date hereof in which to draw and file with the clerk of this Court and the Secretary of State, a plan which comes as close to population equality as is possible. Upon the commission's failure to file any plan or upon the filing of a plan which fails to meet constitutional and statutory requirements, this Court shall order that the primary and general election in 1972 for the board of commissioners shall be held under the plan which best meets constitutional and statutory guidelines.[4]

[4] Pursuant to the authority of MCLA 46.407; MSA 5.359(7).