HARLAN ELECTRIC COMPANY v EMPLOYMENT SECURITY
COMMISSION

1. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—ADEQUACY.

The judicial review provision of the employment security act
furnishes adequate review of all final proceedings before the
Employment Security Appeal Board so as to exclude any judi-
cial review under the Administrative Procedures Act of 1969
(MCLA 24.306, 421.38).

2. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—CONSTITUTION-
ALITY.

The judicial review provision of the employment security act
complies with the constitutional minimum requirements for
judicial review of all final decisions, findings, rulings and orders
of any administrative officer or agency (Const 1963, art 6, § 28;
MCLA 421.38).

3. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—FILING TIME—
VENUE.

An application for judicial review of a final order or decision of
the Employment Security Appeal Board must be filed within
the time period and in the county specified in the judicial
review provision of the employment security act; failure to
comply with the statutorily specified time and venue provisions
warrants dismissal of the application for review on jurisdic-
tional grounds (MCLA 421.38).

4. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—FILING TIME—
VENUE.

An employer's failure to file its application for judicial review of
Employment Security Appeal Board's decision within 15 days
after the decision was mailed, either in the county where the
employee claimant resided or in Ingham County, as specified in
the judicial review provision of the employment security act,
warranted trial judge's dismissal of the review application on
jurisdictional grounds even though the errors in the proceed-

---

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 48 Am Jur, Social Security, Unemployment Insurance and
Retirement Funds § 46.

ings before the referee and the appeal board may have prejudicially affected the employer's rights (MCLA 421.38).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 March 15, 1972, at Detroit. (Docket No. 11423.) Decided May 30, 1972.

Complaint by Harlan Electric Company against the Michigan Employment Security Commission and Joseph D. Frederick to set aside an unemployment compensation award to Frederick. Complaint dismissed. Plaintiff appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff. ·

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George M. Blaty,* Assistant Attorney General, for Michigan Employment Security Commission.

Before: R. B. BURNS, P. J., and HOLBROOK and QUINN, JJ.

HOLBROOK, J. On October 27, 1969, defendant Joseph D. Frederick, a resident of Genesee County, was discharged from his employment with plaintiff, Harlan Electric Company, for causes which plaintiff claims constituted misconduct in connection with defendant Frederick's work. On November 5, 1969, defendant Frederick made application for unemployment benefits with the Michigan Employment Security Commission. On November 25, 1969, the commission issued its determination that the claimant was qualified for benefits. The basis for their determination was that the defendant Frederick was discharged for reasons other than misconduct in connection with his work.

Plaintiff wrote to the commission on December 9, 1969, protesting their determination and listed

reasons for the discharge of defendant Frederick. Thereafter, the commission reversed their prior determination of November 25, 1969, and concluded that defendant Frederick was disqualified for benefits because his use of abusive and profane language toward his foreman constituted misconduct in connection with his work. Notice of redetermination was issued on January 7, 1970. On January 8, 1970, defendant Frederick filed an appeal from this redetermination of the commission. A hearing was held before a referee on January 30, 1970. Because further testimony was required, a second session was held on February 4, 1970. At the two sessions, defendant Frederick made denial of substantially every allegation of misconduct offered by the witnesses for plaintiff. At the second session, before plaintiff could present all of its witnesses, the referee prematurely terminated the hearing because of repeated interruptions by defendant Frederick.

The referee, on February 23, 1970, affirmed the redetermination of November 25, 1969 of the commission which had disqualified defendant Frederick for benefits.

On August 30, 1970, the decision of the referee was reversed by the defendant Michigan Employment Security Commission Appeal Board, which indicated that there was no substantial evidence in the record which would justify a finding of conduct evidencing such wilful or wanton disregard of the employer's interest as would constitute misconduct in connection with claimant's work. On August 18, 1970, plaintiff made application for rehearing to the appeal board which was denied on September 21, 1970.

On October 21, 1970, plaintiff appealed the decision of the appeal board by commencing an action

in the nature of a petition for review under § 106 of chapter 6 of the Administrative Procedures Act of 1969,[1] in the Oakland County Circuit Court. On October 27, 1970, the Attorney General, appearing for the commission, moved to dismiss the complaint on jurisdictional grounds. On February 26, 1971, the circuit court entered its order dismissing the complaint. The trial court based its decision on plaintiff's failure to comply with the filing provisions of the Michigan Employment Security Act (MESA),[2] and GCR 1963, 706.2. From this decision, plaintiff appeals.

It is plaintiff's contention that even though § 38 of the MESA provides for special statutory review proceedings, under the facts of this case, § 38 is inadequate to provide effective judicial review from the appeal board's decision. It is asserted that plaintiff is therefore entitled to judicial review under § 106 of chapter 6 of the Administrative Procedures Act of 1969, via § 102 of that act.[3] As such, the trial court's determination that § 38 of the MESA provided adequate judicial review and the consequential dismissal of plaintiff's petition for review under § 106 for failure to comply with the provisions of § 38 of the MESA and GCR 1963, 706.2 was in error.

Defendant contends that § 38 of the MESA did provide adequate review of the proceedings of the appeal board. Therefore, § 102 and § 106 of chapter 6 of the Administrative Procedures Act don't apply to the instant case. Section 38 of the MESA and GCR 1963, 706.2 govern review of the instant case and because plaintiff failed to comply with the 15-day filing requirement and failed to file in the

---

[1] MCLA 24.306; MSA 3.560(206).

[2] MCLA 421.38; MSA 17.540.

[3] MCLA 24.302; MSA 3.560(202).

proper court, the trial court's dismissal of plaintiff's action was proper.

Thus, the question before us is whether, under the facts in this case, the trial court erred in determining that § 38 of the MESA provided for adequate review of the proceedings below of the appeal board so as to exclude any judicial review under § 106 of the Administrative Procedures Act of 1969.

Section 38 of the MESA provides as follows:

"The circuit court of the county in which the claimant resides, or, if no claimant is a party to the case, the circuit court of the county *in which the employer's principal place of business in Michigan is located, or in any case the circuit court for the county of Ingham,* shall have power to review questions of fact and law on the record made before the referee and the appeal board involved in any such final order or decision of said appeal board, and to make such further orders in respect thereto as justice may require, *but said court may reverse such order or decision only if it finds that such order or decision is contrary to law* or is not supported by competent, material and substantial evidence on the whole record. *Application for such review must be made within 15 days after mailing of a copy of the order or decision* by any method permissible under the rules and practices of the circuit courts of this state. The commission shall be deemed to be a party to any judicial action involving any order or decision of the appeal board. An appeal may be had from the decision of said circuit court in the same manner as provided by the laws of this state with respect to appeals from circuit courts." (Emphasis supplied.)

. It is clear that this section complies with the constitutional minimum requirements of Const 1963, art 6, § 28 which reads:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the

constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether *such final· decisions, findings, rulings and orders are authorized by law;* and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record." (Emphasis supplied.)

A review of the record indicates that the error that plaintiff now complains of is that the referee prematurely terminated the hearing before him because of the disruptions caused by defendant Frederick before plaintiff had an opportunity to present all of its evidence establishing its claims. Thus, the appeal board's reversal of the referee's decision without remanding also prevented plaintiff from having the opportunity to complete its proofs. If in fact the plaintiff was not afforded the opportunity of presenting all of its relevant evidence in the case, then plaintiff would have been denied due process. US Const, Am XIV; Mich Const 1963, art 1, § 17; *Milford v People's Community Hospital Authority,* 380 Mich 49 (1968); *Napuche v Liquor Control Commission,* 336 Mich 398 (1953); *Dation v Ford Motor Co* 314 Mich 152 (1946). As such, the decisions of the referee and the appeal board were well within the scope of the contrary to law provision of § 38 of the MESA. Section 38 therefore did provide adequate judicial review so as to be the applicable review process available to the plaintiff.

Under § 38 and GCR 1963, 706.2, plaintiff was required to file its application for review within 15 days after the mailing of the decision by the Appeal Board in the circuit court of the county where defendant Frederick resided or Ingham

County. The plaintiff filed its application in Oakland County whereas defendant Frederick was a resident of Genesee County. The denial of plaintiff's application for a rehearing of the Appeal Board's decision was issued on September 21, 1970, and plaintiff did not file its application for review until October 21, 1970, well over the permissible 15 days. We are well aware that the errors in the proceedings below may have prejudicially affected the rights of the plaintiff. However, because § 38 is the applicable review procedure available to plaintiff, and because plaintiff failed to comply with § 38 and GCR 1963, 706.2, we affirm the trial court's dismissal of the plaintiff's petition for review.

Affirmed. No costs, a public question being involved.

All concurred.