*In re* APPORTIONMENT OF ALCONA COUNTY BOARD OF
COMMISSIONERS—1982

Docket No. 61744. Submitted March 1, 1982, at Lansing.—Decided
March 22, 1982.

On November 30, 1981, the Alcona County Apportionment Com-
mission filed an apportionment plan based on the 1980 census
figures with the Alcona County Clerk. On January 27, 1982,
Boyd C. Kinnee, a registered voter, filed a petition for review of
the plan in the Court of Appeals. The Alcona County Appor-
tionment Commission moved to dismiss the petition because it
was not filed within 30 days after the filing of the plan with the
county clerk. *Held:*

Once the 30-day period after the filing of an apportionment
plan has expired without a petition for review having been
filed, the plan becomes the official apportionment plan until the
next United States decennial census figures are available.

Petition dismissed.

1. ELECTIONS — APPORTIONMENT — COUNTIES — APPEAL.
   The Court of Appeals has jurisdiction to review a county appor-
   tionment plan (MCL 46.406; MSA 5.359[6]).

2. ELECTIONS — APPORTIONMENT — COUNTIES — APPEAL — JURISDIC-
   TION.
   The statute allowing review of county apportionment plans by
   the Court of Appeals requires that a petition for review be filed
   within 30 days of the filing of the plan with the county clerk;
   the time requirement must be met to confer on the Court of
   Appeals jurisdiction to review a county apportionment plan
   (MCL 46.406; MSA 5.359[6]).

Boyd C. Kinnee, *in propria persona.*

*James H. Cook,* for respondent Alcona County
Apportionment Commission.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur 2d, Elections § 32.
[2] 4 Am Jur 2d, Appeal and Error § 292.

Before: Danhof, C.J., and Bronson and Cynar, JJ.

Per Curiam. As required by 1966 PA 261, as amended; MCL 46.401 *et seq.;* MSA 5.359(1) *et seq.,* the Alcona County Apportionment Commission developed an apportionment plan based on the official 1980 United States decennial census figures. On November 30, 1981, the commission filed an apportionment plan with the Alcona County Clerk pursuant to MCL 46.405; MSA 5.359(5). On January 27, 1982, a petition to review the plan was filed under § 6 of 1966 PA 261; MCL 46.406; MSA 5.359(6), which provides as follows:

"Any registered voter of the county within 30 days after the filing of the plan for his county may petition the court of appeals to review such plan to determine if the plan meets the requirements of the laws of this state. Any findings of the court of appeals may be appealed to the supreme court of the state as provided by law."

In its response to the petition, the commission, *inter alia,* moved to dismiss the petition because it was not filed with this Court within 30 days after the apportionment plan was filed with the county clerk.

This Court's jurisdiction to review an apportionment plan is granted by statute, consistent with Const 1963, art 6, § 10. The authority of this Court to act must be found in the statutory provision authorizing the petition for review, § 6. *In re Apportionment of Muskegon County Board of Supervisors—1968,* 13 Mich App 697; 164 NW2d 669 (1968). Section 8 of 1966 PA 261; MCL 46.408; MSA 5.359(8) is also pertinent. It provides:

"Once an apportionment plan has been found consti-
tutional and according to the provisions of this act and
all appeals have been exhausted, or if no appeal is
taken, when the time for appeal has expired, that plan
shall be the official apportionment plan for the county
until the next United States official decennial census
figures are available."

When §§ 6 and 8 are read together, they are
unambiguous and require no further construction.
*Detroit v Redford Twp,* 253 Mich 453; 235 NW 217
(1931). Once the 30-day period after filing an ap-
portionment plan has expired without a petition
for review having been filed, the plan becomes the
official apportionment plan until the next United
States decennial census figures are available.

This apportionment process is an integral part
of the process for election of county commission-
ers. MCL 46.409; MSA 5.359(9). As such, it is
subject to the rule that a statutory provision re-
quiring commencement of an election contest
within a specific time is usually regarded as man-
datory and must be complied with in order to
confer jurisdiction on the court. See generally 26
Am Jur 2d, Elections, § 326, pp 148-149.

Review of an apportionment plan pursuant to
the foregoing statutory grant of jurisdiction consti-
tutes an original action in this Court, similar to
review by petition from an order of the Michigan
Employment Relations Commission for which ju-
risdiction is granted by MCL 423.216(e); MSA
17.455(16)(e).

A party aggrieved by such an order has a statu-
tory review as of right within 20 days of the order
date. If a petition for review is not filed timely, the
party loses its review as a matter of right and is
thereafter limited to presenting nonevidentiary
errors of law in answer to a petition for summary

enforcement. *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 606-608; 281 NW2d 454 (1979).

This Court has previously upheld a similarly limited review period from the Michigan Employment Security Commission in *Harlan Electric Co v Employment Security Comm,* 41 Mich App 167; 200 NW2d 101 (1972). The review period of 15 (now 20) days contained in MCL 421.38; MSA 17.540, while to the circuit court and not this Court, was clearly held to be jurisdictional.

We are well aware that errors in the apportionment plan may have prejudicially affected the rights of the petitioner. However, § 6 is the applicable review procedure, plaintiff failed to comply with the 30-day filing limit, and the reapportionment plan has become the official apportionment plan by operation of § 8. Therefore, we hold that this Court is without jurisdiction to review the apportionment plan.

The motion to dismiss is granted. No costs, a public question being involved.