GUNDERSON v ROSE HILL REALTY

Docket No. 70423. Submitted June 11, 1984, at Detroit.—Decided August 7, 1984.

Judy Gunderson applied for unemployment compensation benefits, was found entitled to benefits, and received $560 in benefits before the Michigan Employment Security Commission issued a redetermination which required her to refund the $560 because she refused a work offer made by her former employer, Rose Hill Realty. In subsequent proceedings, Gunderson appealed the redetermination to a referee, who affirmed the redetermination, and appealed to the MESC Board of Review, which reversed the referee's decision. Rose Hill Realty then sought a rehearing by the board, which was granted. Following the rehearing, the board reversed its earlier decision, finding that Gunderson did not have a good excuse for refusing the work offer. Gunderson sought another rehearing, which was denied. She then filed a motion for delayed appeal in Wayne Circuit Court. The motion was granted, William Leo Cahalan, J. MESC appeals by leave granted the order granting Gunderson's motion for a delayed appeal in the circuit court. *Held:*

The circuit court erred in granting Gunderson's motion for leave to file a delayed appeal by incorporating the court rule providing for delayed appeals to circuit courts into the court rule which provides for appeals under the Michigan Employment Security Act. Gunderson did not file her appeal within the statutory time period, therefore the circuit court did not have jurisdiction and could do nothing more than dismiss Gunderson's case. The circuit court's order granting leave to file a delayed appeal is reversed and Gunderson's case is dismissed.

Reversed.

UNEMPLOYMENT COMPENSATION — APPEAL — CIRCUIT COURTS —
DELAYED APPEAL — COURT RULES.

It was error for a circuit court to grant a claimant who failed to

REFERENCES FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 293.
76 Am Jur 2d, Unemployment Compensation §§ 93, 94.

file a claim of appeal within the statutory time limitation leave to file a delayed appeal from a determination of the Michigan Employment Security Commission Board of Review by incorporating into the court rule providing for appeals under the Michigan Employment Security Act the court rule which provides for a delayed appeal to the circuit court; the statutory limitation period cannot be extended by court rule (MCL 421.38; MSA 17.540; GCR 1963, 701.2[2][c], 706.2).

*UAW Legal Services Plan* (by *Willienard Banks* and *Barbara G. Robb)*, for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Dennis J. Grifka,* Assistant Attorney General, for Michigan Employment Security Commission.

Before: DANHOF, C.J., and T. M. BURNS and T. C. MEGARGLE,* JJ.

PER CURIAM. On May 19, 1978, appellee Judy Gunderson applied for unemployment benefits. The Michigan Employment Security Commission (MESC) determined that she was entitled to benefits. Ms. Gunderson subsequently received $560 in benefits. On August 17, 1978, the MESC issued a redetermination which required her to return the $560 because she refused a work offer made by her former employer. She appealed that decision to a referee, who affirmed the redetermination order. She then appealed to the MESC Board of Review, which on February 22, 1980, reversed the referee's decision. Thereafter the employer, Rose Hill Realty, sought a rehearing, which was granted. The MESC Board of Review reversed the February 22, 1980, decision, finding that Ms. Gunderson did not have a good excuse for refusing the work offer. Ms. Gunderson's request for a rehearing was de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nied on August 3, 1981. Subsequently, Ms. Gunderson filed a motion for delayed appeal with the circuit court. On September 16, 1982, the circuit court granted Ms. Gunderson's motion for a delayed appeal. The MESC filed a motion for rehearing in the circuit court. The motion for rehearing was denied on February 15, 1983. The MESC appeals by leave granted.

The sole issue for our determination is whether a circuit court has jurisdiction to grant a delayed appeal where the claim of appeal was not filed within the 20-day period provided in MCL 421.38; MSA 17.540.[1] At the time of the proceedings below, the statute stated:

"The circuit court of the county in which the claimant resides or the circuit court of the county in which the claimant's place of employment is or was located, or, if a claimant is not a party to the case, the circuit court of the county in which the employer's principal place of business in this state is located, may review questions of fact and law on the record made before the referee and the board of review involved in a final order or decision of the board, and may make further orders in respect thereto as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. Application for review shall be made within 20 days after mailing of a copy of the order or decision by any method permissible under the rules and practices of the circuit courts of this state." MCL 421.38(1); MSA 17.540(1).

Therefore, application for review must be made within 20 days after the mailing of the order. Ms. Gunderson filed her application for delayed appeal subsequent to the expiration of this 20-day period.

[1] The statute currently provides for a 30-day period to seek appeal. 1983 PA 164, § 1.

Upon considering the predecessor to this statute, the Supreme Court stated "that the Legislature had provided for a specific procedure to be observed in the administration of the unemployment compensation act and for a limited judicial review, and that such provision is exclusive of any and all other possible methods of review". *Mooney v Unemployment Compensation Comm,* 336 Mich 344, 355; 58 NW2d 94 (1953). In considering this same statute, the Supreme Court later stated in *Peplinski v Employment Security Comm,* 359 Mich 665, 668; 103 NW2d 454 (1960):

" 'The power to review' thus granted is the power to hear and determine. It is language of jurisdiction. The right of appeal granted, we note, is purely statutory, and in so saying we are not unaware of our constitutional authority to issue original and remedial writs. But here the Legislature has provided for a limited judicial review, to obtain which a specified procedure in specified courts must be followed. The benefits in question do not accrue in the course of the common law but have their 'roots in the legislative enactments', which enactments prescribe both the nature of the benefits and the remedies to be pursued in their effectuation. Jurisdiction for the limited judicial review available is vested exclusively with designated circuit courts." (Footnotes omitted.)

The MESC argues that the time limits stated in MCL 421.38; MSA 17.540 are jurisdictional and, therefore, the circuit court was without jurisdiction to grant delayed leave to appeal. *Harlan Electric Co v Employment Security Comm,* 41 Mich App 167; 200 NW2d 101 (1972). *Harlan Electric* clearly stands for the proposition that the time limits contained in MCL 421.38; MSA 17.540 are jurisdictional. *In re Apportionment of Alcona County Bd of Commr's—1982,* 114 Mich App 443;

319 NW2d 360 (1982). This, however, does not resolve the instant dispute. As the trial court in the instant case noted, the court rules have been changed since *Harlan Electric, supra,* was decided, and holding the 20-day period to be jurisdictional is not incompatible with a procedure for permitting delayed appeal.

The trial court correctly noted that the court rules have changed since *Harlan Electric, supra,* was decided. GCR 1963, 706.2 provides for appeals under the Michigan Employment Security Act:

"To obtain review of an order or decision of the Michigan Employment Security Appeal Board, a party shall file in the circuit court

"(1) a claim of appeal within 20 days after the mailing to him of the appeal board's decision (see subrule 701.2); and

"(2) proof that a copy was served on the appeal board and all interested parties."

The trial court found that GCR 1963, 706.2 incorporated GCR 1963, 701.2(2)(c), which provides for a delayed appeal to the circuit court pursuant to GCR 1963, 703. It is at this juncture that the trial court erred.

In *King v Calumet & Hecla Corp,* 43 Mich App 319; 204 NW2d 286 (1972), the claimant filed for unemployment benefits with the MESC. The referee denied the claimant benefits and the claimant appealed to the commission's appeal board. The appeal board dismissed the appeal on the ground that the board lacked jurisdiction insofar as the appeal had not been timely filed. The circuit court affirmed the dismissal.

This Court affirmed, stating that since MCL 421.33; MSA 17.535 requires a party to file an appeal with the appeal board within 15 days of the

mailing of a referee's decision or within 15 days of the denial of a motion for rehearing, the claim of appeal was not timely filed. This Court stated:

"Defendant further maintains that to extend the appeal period in this case would be impermissible. *Sovey v Ford Motor Co,* 279 Mich 313 (1937), cited by defendant, supports that contention. Therein it was stated at pp 315-316:

" '[T]his court consistently has held that statutory limitations of time in judicial proceedings, as distinguished from court rules, are imperative * * *.

" 'The Legislature must be deemed to have prescribed the time for appeal in these *quasi*-judicial proceedings in the light of such rulings. They are controlling.'

"The proper standard of judicial review to be employed when reviewing an administrative board decision is whether the decision is supported by competent, material, and substantial evidence on the whole record. *Williams v Lakeland Convalescent Center, Inc,* 4 Mich App 477 (1966); *Villella v Employment Security Comm,* 16 Mich App 187 (1969); *Diepenhorst v General Electric Co,* 29 Mich App 651 (1971); Const 1963, art 6, § 28; MCL 421.38; MSA 16.540." 43 Mich App 326. (Emphasis in original.)

Pursuant to *King* and *Sovey,* the statutory limitation period contained in MCL 421.38; MSA 17.540 cannot be extended by court rules. The trial court therefore erred in granting Ms. Gunderson's motion for delayed leave to appeal by incorporating GCR 1963, 701.2(2)(c) into GCR 1963, 706.2. Accordingly, GCR 1963, 706.2 should only be read as referring to the portions of GCR 1963, 701.2 which referred to appeals as of right. Therefore, the circuit court could obtain jurisdiction only if Ms. Gunderson filed her appeal within the time prescribed by MCL 421.38; MSA 17.540. Since she did not timely file her appeal, the circuit court did not have jurisdiction and could do nothing more than

dismiss her case. *Perez v Chrysler Corp,* 36 Mich App 9; 193 NW2d 390 (1971). The order of the trial court granting Gunderson leave to file a delayed appeal is reversed and her case is dismissed.

Reversed.