*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRACY POWELL,

Claimant-Appellant,

v

VANGUARD HEALTH MANAGEMENT, INC.,

Respondent-Appellee,

and

DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY/UNEMPLOYMENT INSURANCE AGENCY, formerly known as DEPARTMENT OF TALENT AND ECONOMIC DEVELOPMENT/UNEMPLOYMENT INSURANCE AGENCY,

Appellee.

UNPUBLISHED
February 11, 2020

No. 346104
Wayne Circuit Court
LC No. 18-008009-AE

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Claimant, Tracy Powell, appeals the circuit court's order dismissing her claim of appeal for lack of jurisdiction. We affirm.

## I. FACTUAL BACKGROUND

On June 11, 2018, the Michigan Compensation Appellate Commission (MCAC) denied Powell's request for a rehearing of its January 31, 2018 decision. The MCAC's order notified Powell that the deadline to file a claim of appeal was July 11, 2018. On July 9, 2018, Powell overnight mailed a paper copy of her claim of appeal. The claim of appeal was addressed to "Clerk's Office, Third Judicial Circuit Court, 2 Woodward Ave., Detroit, MI 48226." On July 10,

-1-

2018, at 9:30 a.m., the claim of appeal was delivered by the United Parcel Service (UPS).[1]  On July 13, 2018, Powell electronically filed her claim of appeal.  Thereafter, she received notification from the circuit court that her initial filing was deficient because electronic filing is mandatory in Wayne Circuit Court.

On July 25, 2018, the circuit court ordered the parties to file briefs addressing the timeliness of Powell's appeal and whether the circuit court had jurisdiction over the appeal.  After oral argument, the circuit court dismissed Powell's appeal for lack of jurisdiction, finding that the claim of appeal was not filed within the statutory timeframe set forth in MCL 421.38(1) and MCR 7.116(B).  Powell moved for reconsideration of this decision, which the circuit court denied.  This appeal followed.

## II. ANALYSIS

Powell argues that the circuit court erred when it dismissed her appeal for lack of jurisdiction.  Powell argues that her paper appeal, while deficient, was filed within the time limits set forth under MCL 421.38(1) and MCR 7.116(B).  We disagree.

The scope of the circuit court's jurisdiction is a question of law which this Court reviews de novo.  *Kar v Nanda*, 291 Mich App 284, 286; 805 NW2d 609 (2011).  The construction and application of a court rule is also a question of law that this Court reviews de novo.  *Nowacki v Department of Corrections*, 319 Mich App 144, 148-149; 900 NW2d 154 (2017).

MCR 7.104(A) expressly establishes that the time limit for filing an appeal of right is jurisdictional.  Under the Michigan Employment Security Act, an appeal of a MCAC decision or order must "be made within 30 days after the mailing of a copy of the order or decision by any method permissible under the rules and practices of the circuit court of this state."  MCL 421.38(1).  See also MCR 7.116(B) ("An appeal of right from an order or decision of the [MCAC] must be taken within 30 days after the mailing of the commission's decision.").  "To vest the circuit court with jurisdiction in an appeal of right, an appellant must file with the clerk of the circuit court within the time for taking an appeal."  MCR 7.104(B).  See also MCR 7.116(C).  The "date of filing" is the date the "clerk of the court" receives a document.  MCR 7.102(4) and (6).  Thus, in order to vest the circuit court with jurisdiction to hear an appeal from a MCAC decision or order, the clerk of the court must receive the claim of appeal within 30 days after the mailing of the MCAC's decision or order.

With respect to when a pleading is deemed to have been received by the clerk of the court, the clerk of the court has a duty to "process and maintain documents filed with the clerk as prescribed by the Michigan Court Rules and the Michigan Trial Court Records Management Standards . . . ."  MCR 8.119(C).  State Court Administrative Office, Michigan Trial Court Records Management Standards, Data, Case and Other Court Records § 3.3.1.3 (October 2019),

---

[1] Although not dispositive, we note that the circuit court believed that the claim of appeal was actually delivered to the Court Administrator's Office, as opposed to the County Clerk's Office.

p 58, instructs:

> [i]n a paper-based system, a document is considered filed on the date it is received by the court (mail or in person), irrespective whether the clerk has reviewed the document in accordance with 3.3.1.4 and 3.3.1.5. The date stamped on a document must be the day the document was actually received. If the clerk of the court is unable to stamp documents on the date they are received, including when received by a judge under MCR 1.109(C), the clerk must ensure that all documents received on a given day are batched and identified in some manner with the actual date they were filed until such time as the documents can be stamped. MCR 1.109(C).

"At a minimum, the first page of every document filed shall be stamped with the date on which it is filed." *Id*. at 59. The stamp must include "the date (month, day, year) on which a document is filed and the name of the court in which it is filed." *Id*.

Additionally, under MCR 8.119(D)(1)(a) the clerk of the court has a duty to "maintain a case history of each case, known as a register of actions, in the court's automated case management system." The register of actions must display the case history for each case including "the case number, date of filing, names of parties, and names of any attorneys of record." MCR 8.119(D)(1)(a). "Each entry shall be dated with not only the date of filing, but with the date of entry." MCR 8.119(D)(1)(a). Thus, in order to determine when a claim of appeal is received by the clerk of the court, courts must look at the date stamped on the first page of the document and/or the register of actions.

In this case, the date stamp and the register of actions provide that Powell's claim of appeal was received and filed with the clerk of the court on July 13, 2018. Nonetheless, Powell argues on appeal that the UPS delivery notification evidences that her paper claim of appeal was received on July 10, 2018, because there is a presumption that "a letter with a proper address and postage will, when placed in the mail, be received by the postal service." However, we conclude that this presumption does not mean that a document has been filed with the clerk of the court. As already stated, the date of filing is the date that a document has been received by the clerk of the court. Thus, we conclude that the presumption that a properly addressed and stamped letter placed in the mail will be received by the postal service does not mean that a document placed in the mail will be received by the clerk of the court and, thus, properly filed. Because Powell has not demonstrated that her paper claim of appeal was actually received by the clerk of the court by the July 11, 2018 filing deadline, we conclude that the circuit court did not err in dismissing Powell's claim of appeal for lack of jurisdiction. See *Davis v Dep't of Corrections*, 251 Mich App 372, 374-375; 651 NW2d 486 (2002) ("[F]ailure to timely file a claim of appeal deprives the circuit court of jurisdiction to hear the appeal.").

Powell next argues that the circuit court erred in dismissing her appeal because, under MCL 7.113(A)(1), she timely corrected the filing error by electronically filing the appeal on July 13, 2018. We disagree.

MCR 7.113(A)(1) allows a circuit court to involuntarily dismiss an appeal that is not filed in conformity with the court rules. Before dismissing a case, however, the circuit court must provide the appellant with notice of the deficiency and 14 days to remedy it. MCR 7.113(A)(1).

This Court has applied MCR 7.113(A)(1) to allow a party to remedy his or her failure to provide an opposing party with proper notice or to attach required filings.

In this case, Powell seeks to utilize MCR 7.113(A)(1) to correct her failure to timely file the claim of appeal. We conclude that MCR 7.113(A)(1) does not extend to an appellant's errors which render an appeal not timely filed. MCR 7.101(B) explicitly states that subchapter 7.100 of the Michigan Court Rules, which governs appeals to the circuit court, "do[es] not restrict or enlarge the appellate jurisdiction of the circuit court." This Court has also held that the statutory limitation period contained in MCL 421.38(1) cannot be extended by the court rules. *Gunderson v Rose Hill Realty*, 136 Mich App 559, 564; 357 NW2d 718 (1984). Therefore, because Powell's appeal was filed after the jurisdictional deadline, the circuit court did not have jurisdiction to hear her appeal or to grant Powell 14 days to correct her filing error under MCR 7.113(A)(1).

Affirmed.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

-4-